**[J-62-2018][M.O. - Dougherty, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| DANIEL HARMON, | : | No. 37 EAP 2017 |
| | : | |
| Appellant | : | Appeal from the Order of the |
| | : | Commonwealth Court entered on 6/7/17 |
| | : | at No 787 CD 2015 affirming the |
| | : | decision entered on 4/15/15 by the |
| v. | : | Unemployment Compensation Board of |
| | : | Review at No. B-577458 |
| UNEMPLOYMENT COMPENSATION | : | |
| BOARD OF REVIEW, | : | |
| | : | |
| Appellee | : | ARGUED:  September 25, 2018 |

*CONCURRING OPINION*

**CHIEF JUSTICE SAYLOR**                         **DECIDED:  April 26, 2019**

I join the majority opinion, except for the treatment of deference due to the Unemployment Compensation Board of Review.  *See* Majority Opinion, *slip op.* at 12-13.  In this regard, I believe that some consideration should be given to the Board's adjudicative role at the time it proffered its interpretation of the governing statute.  *See, e.g.*, *Ark. Dep't of Health & Human Servs. v. Ahlborn*, 547 U.S. 268, 292, 126 S. Ct. 1752, 1767 (2006) (explaining that "agency adjudications typically warrant deference"); *accord ARIPPA v. PUC*, 792 A.2d 636, 660 (Pa. Cmwlth. 2002) (noting that deference is due to an agency's interpretation of a statute rendered while acting in an expert capacity during the course of an adjudication).  Such a role seems less likely than that of an adversarial litigant to incentivize administrative agencies to "adopt positions arbitrarily

and/or based on interests unrelated to . . . legislative intent[.]" *Huntley & Huntley v. Borough of Oakmont*, 600 Pa. 207, 229, 964 A.2d 855, 868 (2009).

A pervading question in this field, of course, is how much deference is due in any given context. For present purposes, I find that the majority's able analysis of the relevant statute is substantially more persuasive than the reasoning supplied by the Board and surpasses the weight of the deference that I would accord. Further, and relatedly, the particular statutory-interpretation issue raised in the present matter only modestly implicates agency expertise.